# Third District Court of Appeal
## State of Florida

Opinion filed July 6, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-794
Lower Tribunal No. 12-11918
_____

**Mark Malkin and Steven M. Wise, etc.,**
Appellants,

vs.

**Fabiana Correa Pla,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Schwartz Sladkus Reich Greenberg Atlas LLP, and Randall Burks (Boca Raton), for appellants.

Lisa A. Baird, P.A., and Lisa A. Baird, for appellee.


Before LOGUE, HENDON and GORDO, JJ.

PER CURIAM.

Affirmed. <u>See</u> <u>Murphy v. Markham-Crawford</u>, 665 So. 2d 1093, 1094 (Fla. 1st DCA 1995) ("[I]n a custody dispute between a natural parent and a third party (including grandparents), custody can be denied to the parent only when supported by clear and convincing evidence establishing that the parent has abandoned the child or is in some other meaningful sense an unfit parent, or that placing the child with the parent will be detrimental to the child's welfare."); <u>Russell v. Pasik</u>, 178 So. 3d 55, 59 (Fla. 2d DCA 2015) ("[T]hose who claim parentage on some basis other than biology or legal status do not have the same rights, including the right to visitation, as the biological or legal parents."); <u>Lane-hepburn v. Hepburn</u>, 290 So. 3d 589, 590 (Fla. 2d DCA 2020) (noting section 61.13, Florida Statutes, applies only to parents' rights and "'does not extend to nonparents.'" (quoting <u>Russell</u>, 178 So. 3d at 59.)); <u>LiFleur v. Webster</u>, 138 So. 3d 570, 574 (Fla. 3d DCA 2014) ("[A] trial court cannot engage in a 'best interests of the child' analysis unless and until there is sufficient proof to establish parental unfitness or substantial threat of significant and demonstrable harm to the child.").